# IN THE COURT OF APPEALS OF IOWA

No. 16-0192
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PRESTON ROBY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil District Associate Judge.

A criminal defendant appeals his convictions following his guilty pleas to operating while intoxicated, second offense, and driving while barred. **AFFIRMED.**

Jeremy B. A. Feitelson of Feitelson Law, L.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Preston Roby appeals his convictions following his guilty pleas to operating while intoxicated (OWI), second offense, and driving while barred. He argues his counsel was ineffective for failing to file a motion in arrest of judgment to challenge the validity of his guilty pleas.

## I. Background Facts and Proceedings

On June 16, 2015, Roby was charged by trial information with OWI, second offense, an aggravated misdemeanor, in violation of Iowa Code section 321J.2(2)(b) (2015), and driving while barred, an aggravated misdemeanor, in violation of section 321.561. Each charge carried a maximum possible sentence of two years in prison. Iowa Code §§ 321J.2(4)(a), 903.1(2). On October 29, 2015, Roby submitted a written guilty plea, admitting he had operated a motor vehicle on May 15, 2015, while under the influence of alcohol and while his license was barred. Roby further admitted he had previously been convicted of OWI in 2007. As a result of the guilty pleas, the State recommended, and the district court imposed, the following sentences: one hundred eighty days in jail, with all but seven days suspended, for the OWI conviction; and twenty-one days in jail for the driving while barred conviction. Roby's sentences in this case were ordered to be served concurrently with each other and with his sentence in another, separate criminal case.[1] There was no transcribed record made of a proceeding at which Roby pled guilty. *See* Iowa R. Crim. P. 2.8(3) ("A verbatim record of the proceedings at which the defendant enters a plea shall be made.").

---

[1] On the same day he submitted his guilty plea in this case, Roby also submitted a written guilty plea in a second case, where he was charged with driving while barred. He appeals his conviction and sentence in that case in a separate appeal, No. 16-0191.

Roby's counsel did not file a motion in arrest of judgment challenging the validity of the guilty pleas.

Roby appeals.

## II. Standard of Review

We may decide ineffective-assistance-of-counsel claims on direct appeal if we determine that the record is adequate. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review claims of ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Analysis

Roby argues his counsel was ineffective for having failed to file a motion in arrest of judgment challenging the validity of his guilty plea because the district court's plea procedures violated Iowa Rules of Criminal Procedure 2.8 and 2.10. More specifically, Roby argues the district court violated the mandate under 2.10(2) requiring that "[i]f a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered."[2] He also argues the district court violated rule 2.8(3), which requires the court to make a verbatim record of the proceedings at which a guilty plea is entered. Roby argues the district court's ability to waive the procedures set forth in rule 2.8 is explicitly limited to procedures set forth prior to subsection

---

[2] Roby's written guilty plea includes the terms of the plea agreement. It was filed on October 29, 2015.

2.8(2)(c).[3]  *See* Iowa R. Crim. P. 2.8(2)(b)(5) ("The court may, in its discretion and with the approval of the defendant, waive *the above procedures* in a plea of guilty to a serious or aggravated misdemeanor." (emphasis added)).

In order to prevail on his claim of ineffective assistance of counsel, Roby must establish both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *See Straw*, 709 N.W.2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  Both elements must be proved by a preponderance of the evidence.  *Id.*  In order to prove prejudice, Roby "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.  In the context of this appeal, Roby "must show that there is a reasonable probability, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial."  *See Straw*, 709 N.W.2d at 138.  If we find that prejudice is lacking, we may decide his claim on that ground alone without addressing his counsel's performance.  *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Roby's claim is based entirely on the procedure surrounding his guilty plea.  He makes no claim that he would have insisted on going to trial had he known the court was going to waive certain procedures; nor does he explain how counsel's failure to file a motion in arrest of judgment prejudiced him.  *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) ("[The defendant] must

---

[3] Roby's written guilty plea explicitly approves the district court's waiver of the procedures set out in rule 2.8.  The written guilty plea also explicitly waives Roby's "right to be personally present in court for plea proceedings" and his "right to be present at sentencing."

show a reasonable probability that, but for counsel's error, he would not have entered the plea and would have insisted on going to trial. [The defendant] failed to prove, or to even assert, that there is a reasonable probability that, but for counsel's error, he would not have entered [a guilty] plea and would have insisted on going to trial.").

However, such a claim must be preserved for postconviction relief because the record is not adequate, and we may not rule on the merits of a claim without an adequate record or penalize Roby for inadequate briefing of the claim on direct appeal. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating defendants, on direct appeal, "are not required to make any particular record in order to preserve the claim for postconviction relief" and when the record is inadequate to address the claim, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim"). We affirm Roby's conviction, and we preserve his challenge to the guilty pleas for postconviction-relief proceedings.

**AFFIRMED.**