# IN THE COURT OF APPEALS OF IOWA

No. 15-0303
Filed August 17, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ANTONIO CORTEZ WILLIAMSON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Christine Dalton,

District Associate Judge.


　　　　Antonio Williamson appeals from his convictions following a written guilty

plea for harassment in the first degree and stalking in the first degree.

**AFFIRMED.**


　　　　Jack E. Dusthimer, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


　　　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Antonio Williamson appeals from his convictions following his written guilty plea to first-degree harassment and first-degree stalking, in violation of Iowa Code sections 708.7(2) and 708.11(3)(c) (2013), asserting counsel rendered ineffective assistance. Williamson contends there was an insufficient factual basis for the first-degree harassment offense and the court failed to ensure he understood the nature of the charge. Williamson therefore claims counsel was ineffective in failing to file a motion in arrest of judgment to challenge the guilty plea on those deficiencies.[1] Because there was a sufficient factual basis and the record establishes Williamson understood the elements of the offense, counsel did not render ineffective assistance. We affirm.

**I. Background Facts and Proceedings.**

This matter arose from Williamson's actions following the end of a relationship in late June 2013. For a number of days, Williamson contacted his former partner via excessive phone calls, text messages, emails, and social-media posts. For example, on June 28, 2013, Williamson left approximately twenty-nine voicemail messages. Many of Williamson's messages were threatening, stating that his former partner wouldn't "make it to work tomorrow"; threatening to "go grab this knife"; and threatening, "I'm gonna start with your car

---

[1] It appears Williamson is also raising issues regarding the failure of the district court to advise Williamson of the possibility of consecutive sentences and lack of evidence of a plea colloquy. However, Williamson admits the guilty plea form "appears to mirror Iowa Rule of Criminal Procedure 2.8 in covering all the required issues." Because Williamson acknowledges substantial compliance with rule 2.8, we find counsel was not ineffective in failing to file a motion in arrest of judgment to challenge these issues. *See State v. Putney*, No. 14-0433, 2015 WL 1331837, at *4 (Iowa Ct. App. Mar. 25, 2015) ("[T]here is evidence in the record that the court substantially complied with the requirements of rule 2.8(2). Therefore his counsel had no duty to move in arrest of judgment on the grounds alleged.").

and then I'm gonna finish with you." Williamson also stated, "I'll be waitin' on you in the morning. Me and my knife, bitch." Williamson sent additional threatening voicemails and text messages in the following days.

On July 1, 2013, Williamson's former partner discovered a rag in the gas tank of her car and other damage to the vehicle. Fearing attempted arson of her vehicle, she contacted the police.

In an interview with police, Williamson admitted he made threats to his former partner. The officer explained that threatening to kill a person and placing them in fear of being killed constitutes first-degree harassment. Williamson acknowledged he understood why a person might be frightened by the threats he made.

Williamson entered a written guilty plea and memorandum of plea agreement on October 31, 2013. In the written guilty plea, Williamson stated:

> By pleading guilty, I am admitting that there is a factual basis for the charge(s), and admitting that at the time and place charged in the Trial Information I [o]n or about 6/22/13, in Scott Co[unty], Iowa, . . . did purposefully & w[ith]out legitimate purpose contact another by cell phone w[ith] threat to commit a forcible felony. On or about 6/28/13, in Scott Co[unty], Iowa, I did stalk another by repeatedly text[ing] & call[ing] w[ith]out legitimate purpose & convey [an] oral threat.

Also on October 31, 2013, Williamson entered his consent to waive his presence at the sentencing hearing, stating in part, "I acknowledge that I have read the Minutes of Testimony which are substantially correct and I admit that there is a factual basis for the charge(s) against me."

The court entered the judgment and sentence on February 7, 2014. The judgment and sentence were subsequently vacated. On February 6, 2015, the

district court held a re-sentencing hearing and entered the sentencing order. Williamson appeals from the 2015 sentencing order.[2]

## II. Standard of Review.

We review ineffective-assistance-of-counsel claims de novo. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "To establish a claim of ineffective assistance, [the defendant] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, we prefer to reserve ineffective-assistance claims for postconviction proceedings, but "depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We find the record is adequate to address Williamson's claims.

## III. Analysis.

Williamson contends there was an insufficient factual basis to support the forcible-felony element[3] of the first-degree-harassment charge and the court did not ensure his understanding of the forcible-felony element, rendering his plea

---

[2] We note Williamson did not raise the issues asserted in this appeal in the appeal from the February 7, 2014 judgment and sentence. However, the prior sentence was vacated for noncompliance with Iowa Code section 903.1(2) and other applicable sentencing statutes. "A sentence not permitted by statute is void. Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation." *State v. Hallock*, 765 N.W.2d 598, 602 (Iowa 2009) (internal citations omitted). We will address the issues raised in this appeal from the February 6, 2015 sentencing order.

[3] "A 'forcible felony' is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree." Iowa Code § 702.11.

unintelligent and involuntary.[4] Williamson claims counsel was ineffective for failing to file a motion in arrest of judgment to raise these issues.

The district court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). However, "counsel has no duty to raise an issue that has no merit." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009).

*A. Factual Basis.* In considering whether there was a sufficient factual basis to support the charge, we look to the entire record. *State v. Finney*, 834 N.W.2d 46, 62 (2013) ("On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined."). We find the record contains sufficient evidence to support a factual basis for the forcible-felony element of the first-degree-harassment charge.

The record includes excerpts from a number of Williamson's voicemails and text messages to his former partner threatening violence that rises to the level of assault or possibly murder. And in the guilty plea, Williamson stated he threatened to commit a forcible felony through cell phone and text message communications. There was a clear factual basis for the forcible-felony element in the record.

---

[4] Williamson concedes there is a sufficient factual basis for the first-degree stalking charge.

*B. Williamson's Understanding of the Factual Basis.* The minutes of testimony also support Williamson's subjective understanding[5] of the forcible-felony element of the first-degree-harassment offense. During an interview with an officer, the officer clearly explained to Williamson that threatening to kill a person rises to the level of first-degree harassment. Williamson expressed understanding of this explanation, admitted he had threatened his former partner, and stated he understood why the threats he made would place his former partner in fear. Although we would ordinarily expect defense counsel to provide the explanation, here the officer was correct in his explanation as it related to the facts, and Williamson cannot now deny that he understood the forcible-felony element. The facts in the record—along with Williamson's written guilty plea—establish he adequately understood the nature of the first-degree harassment charge.

We find the record establishes a sufficient factual basis and Williamson's understanding of the elements of the first-degree-harassment charge. Thus, counsel did not breach an essential duty by failing to file a motion in arrest of judgment, and we affirm the district court's judgment and sentence.

**AFFIRMED.**

---

[5] *See Finney*, 834 N.W.2d at 53 (noting a defendant must subjectively understand the elements of the charge in order to enter an intelligent and voluntary guilty plea).