**IN THE COURT OF APPEALS OF IOWA**

No. 15-1561
Filed August 17, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ALEXANDER BARILLAS,**
      Defendant-Appellant.
_____


      Appeal from the Iowa District Court for Clayton County, Richard D. Stochl,

Judge.


      A criminal defendant appeals his conviction and sentence following his

guilty plea to assault with intent to commit sexual abuse.  **AFFIRMED.**


      Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

      Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee State.


      Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Alexander Barillas appeals his conviction and sentence after pleading guilty to assault with intent to commit sexual abuse. He argues the district court abused its discretion in sentencing him to five years in prison, and his trial counsel was ineffective for allowing him to enter a guilty plea without fully understanding the terms of the agreement and thereafter failing to file a motion in arrest of judgment to set aside the plea. We find no merit in Barillas's claim of ineffective assistance of counsel and no abuse of discretion in the sentence imposed, and therefore affirm.

## I. Background Facts and Proceedings

On March 31, 2014, a woman alleged Barillas had forcibly engaged in anal sexual intercourse with her after she repeatedly told him "no." Before Barillas was charged or arrested, he was interviewed by law enforcement and admitted to many specific facts regarding the crime.[1] During the interview, Barillas explained he and the woman had previously been in a relationship and continued meeting for purposes of sexual intercourse after the relationship ended. He also told the interviewer he had, on multiple occasions in the past, asked the woman to consent to anal intercourse, but that she never agreed to do so. Barillas initially denied he had done anything wrong and stated he and the

---

[1] Barillas filed a motion to suppress the statements he made during the taped interview. The district court denied the motion after finding the interview was non-custodial in nature and Barillas's participation in it was voluntary. The district court noted Barillas drove himself to the police station, agreed to take part in the interview, was never handcuffed or restrained in any manner, sat next to an open door during the interview, and was repeatedly told he was not under arrest and was free to leave.

woman had engaged in consensual anal intercourse after the woman agreed to try it for the first time.

However, after the interviewer challenged various aspects of Barillas's account, Barillas admitted the woman told him "no" several times on the night in question, and he forcibly engaged in anal intercourse with her anyway because he figured he "could persuade her to like it" by starting without her permission and showing her it was pleasurable. He also admitted the woman stopped the encounter by pushing him away and leaving. Finally, Barillas admitted sending the woman a text message the next day that read, "I'm sorry, you deserved it," although he insisted he sent the message as a joke. He ultimately conceded what he did to the woman was a mistake.

Barillas was charged by trial information with the crime of sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code section 709.4(1) (2013). Pursuant to a plea agreement Barillas entered into with the State, the charge was later amended to assault with intent to commit sexual abuse, a class "D" felony, in violation of Iowa Code section 709.11. In addition to the charging concession, the plea agreement provided that, in exchange for Barillas's plea of guilty, the State's sentencing recommendation would reflect the findings and recommendations of Barillas's presentence investigation report (PSI). Barillas was free to ask the district court for whatever sentence he wished.

When Barillas formally entered his plea of guilty in court, his attorney explained the State had "agreed that there would be a presentence investigation and that they would be recommending to the court, or concurring with, the recommendation of the presentence investigative report. We'll obviously be

asking for whatever sentence we feel is appropriate in the applicable statute, up to and including a deferred [sentence]." At the same hearing, the district court asked Barillas if he understood that by pleading guilty, he faced a potential sentence of five years in prison. Barillas told the court he understood.

The PSI prepared in anticipation of Barillas's sentencing hearing recommended a five-year prison sentence. The PSI noted Barillas's refusal to accept responsibility for his actions, as evidenced by the way his account of the incident vacillated. After having admitted his crime during the interview with law enforcement, Barillas made contrary statements to a department of correctional services psychologist. The PSI states, "[Barillas] reports that no one was hurt from his actions, he made a mistake and the allegations were exaggerated. [Barillas] also indicated the victim was a willing participant who was curious, liked and wanted the sexual contact that occurred." The PSI also states:

> According to [Barillas], the victim came to his house "every night" and they engaged in consensual intercourse. He asked her to try something different, she didn't like it and went to the police. [Barillas] indicated that while at the police station things got confused and he said things happened that did not really occur.
> [Barillas] does not feel the charges are fair and that law enforcement did not complete the investigation correctly. He felt like he was 'interrogated like a terrorist.' [Barillas] stated he likes to help people, he hasn't done anything wrong and was stabbed in the back.

Finally, the PSI notes Barillas's belief he would receive a deferred judgment without probation supervision, even though neither his attorney nor the county attorney had agreed to such a disposition. According to the PSI, Barillas was informed a deferred judgment was not a foregone conclusion but "could be an option," and not having probation supervision was unlikely.

At Barillas's sentencing hearing,[2] the district court heard victim impact statements from the woman Barillas assaulted and her husband, testimony from two department of correctional services employees—a staff psychologist and a parole officer—and a brief statement from Barillas himself. The State recommended a five-year prison sentence, in line with the sentencing recommendation contained in Barillas's PSI report. Barillas requested a deferred judgment. The district court ruled as follows from the bench:

> Mr. Barillas, . . . [after] being told no, you forcibly anally raped a woman. And after you left her—or after she left your home, you texted her [and] said, "Sorry, you deserved it." I believe that was your attitude that day and I don't believe your attitude has changed that much.
> It is the sentence of this court that you are sentenced to an indeterminate term of incarceration not exceed five years. . . . You are also sentenced to a special sentence of ten years of parole following your release from prison pursuant to the provisions of Iowa Code section 903B. You are also ordered to complete sex offender treatment and you'll be required to register as a sex offender in the state of Iowa.
> . . . .
> The reason for my sentence is the defendant's age, most specifically the nature of his acts, including the force and his attitude about that act afterwards. I have not put much weight in the . . . psychosexual evaluations. I've considered some parts of the PSI but not all of them.

Barillas appeals.

## II. Standard of Review

When a district court's sentence is within the statutory limits, we review its sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "An abuse of discretion will not be found unless we are able to

---

[2] The sentencing hearing took place on two separate days—June 30, 2015, and September 15, 2015—to allow Barillas the opportunity to present evidence related to the psychosexual evaluation completed as a part of the PSI process.

discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We may decide ineffective-assistance-of-counsel claims on direct appeal if we determine that the record is adequate. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We review claims of ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III. Analysis

Barillas argues the district court abused its discretion by sentencing him to prison instead of granting him either a suspended sentence or a deferred judgment because those other options would have better served the dual purposes of providing the maximum opportunity for rehabilitation while also providing protection to the community from further offenses. *See* Iowa Code § 901.5. According to Barillas, the court's sentence was overly punitive, given the nature of the crime and his lack of prior criminal offenses. We disagree. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and the choice of one sentencing option over another does not necessarily constitute error. *Formaro*, 638 N.W.2d at 724–25. The very nature of the sentencing process grants the district court discretion in choosing between sentencing options, and the court in this case did not abuse its discretion by making a reasoned decision to refuse Barillas the leniency for which he hoped.

Barillas also argues he did not fully understand the ramifications of the plea agreement he entered into with the State—he believed the State would be recommending a deferred judgment—and his counsel was therefore ineffective for allowing him to enter into the plea agreement and for thereafter failing to file a motion in arrest of judgment seeking to have his guilty plea set aside.

In order to prevail on his claim of ineffective assistance of counsel, Barillas must establish both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Straw*, 709 N.W.2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proved by a preponderance of the evidence. *Id.* In order to prove prejudice, Barillas "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of this appeal, Barillas "must show that there is a reasonable probability, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. If we find that prejudice is lacking, we may decide his claim on that ground alone without addressing his counsel's performance. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Assuming without deciding Barillas was, in fact, misled about the sentence the State would be recommending to the district court—not just overconfident he would receive a recommendation of a deferred judgment rather than the maximum five-year prison sentence—we find he has failed to show that there is a reasonable probability he would have made a different decision if he had not been mistaken. Barillas avers he would not have accepted the plea deal and

would instead have taken the case to trial had he known the State would not recommend a deferred judgment. In support of his contention, Barillas cites several factors he believes would have been favorable to him at trial, including the eight-day gap between the incident and the woman's report to the police, the lack of physical evidence, and the ongoing sexual relationship he had with the woman.

But Barillas cannot establish prejudice simply by asserting he would have taken his case to trial; his assertions must be judged in the context of the strength of the State's case and the advantages gained by entering into the plea agreement. *See State v. Hallcok*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (discussing the advantages gained through the plea agreement); *Boschert v. State*, No. 13-0009, 2013 WL 6405468, at *4 (Iowa Ct. App. Dec. 5, 2013) (discussing the advantages gained through the plea agreement and the strength of the State's case). While we recognize the difficulty of Barillas's task in meeting his burden of proof, we are left unconvinced by Barillas's claim after consideration of these additional factors. We cannot ignore the obvious benefit he derived from his guilty plea—it resulted in his charge being downgraded from a class "C" felony to a class "D" felony. The amended charge lessened Barillas's potential ten-year maximum prison sentence to a five-year maximum and a lifetime special sentence to a ten-year special sentence. *See* Iowa Code §§ 902.9(4), (5), 903B.1, 903B.2. Given the benefit it provided him, we believe it unlikely Barillas would have rejected the plea agreement.

Our assessment of the strength of the State's case against Barillas also weighs against his statement he would have proceeded to trial. Barillas was

recorded admitting to law enforcement he had forcibly engaged in anal intercourse with a woman who had repeatedly told him "no" because he believed he could make her like it. It was therefore highly probable Barillas would be found guilty of sexual assault in the third degree. *See id.* § 709.4(1) (stating a person commits the offense by performing a sex act "by force or against the will of the other person"). The plea agreement he entered into allowed him to be sentenced under a more forgiving statutory framework. Barillas's claim he would have gone to trial on the more serious charge is not convincing under the circumstances, and as a result, we find he cannot establish the prejudice necessary to prevail on his claim of ineffective assistance of counsel.

**AFFIRMED.**