# IN THE COURT OF APPEALS OF IOWA

No. 16-0869
Filed December 21, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**DOMINICK R. MARCOTT,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Court for Dubuque County, Christine Dalton Ploof, District Associate Judge.


          Dominick Marcott appeals from the judgment and sentence entered following his guilty plea to driving while barred as a habitual offender and driving while license denied or revoked.  **CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


          Sharon D. Hallstoos of Halstoos Law Office, Dubuque, for appellant.

          Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


          Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Dominick Marcott appeals from the judgment and sentence entered after he pled guilty to driving while barred as a habitual offender and driving while license denied or revoked. We affirm his convictions but vacate his sentence and remand for resentencing.

**I. Background Facts and Proceedings.**

On June 21, 2015, Marcott was stopped for speeding. When the officer asked for Marcott's driver's license, Marcott handed him a non-driver identification card. Marcott was placed under arrest after the officer learned Marcott was barred from driving and that his driver's license was revoked.

Marcott was charged with operating a motor vehicle while license is barred as a habitual offender, in violation of Iowa Code section 321.560 and 321.561 (2015), an aggravated misdemeanor, and driving while license is denied or revoked, in violation of section 321J.21, a serious misdemeanor. On November 25, 2015, Marcott submitted to the district court a written plea of guilty to both charges. On the same day, the court accepted Marcott's plea and set sentencing for March 23, 2016.

A warrant for Marcott's arrest was issued after he failed to appear for sentencing. A sentencing hearing was eventually held on May 13, 2016. The sentencing order indicates Marcott appeared at the hearing with his counsel. The court entered judgment accepting Marcott's guilty plea to the two charges, sentenced him to a term of incarceration, and imposed fines, costs, and surcharges. Marcott filed his notice of appeal the same day.

**II. Standard of Review.**

We review a claim of error in a guilty-plea proceeding for correction of errors at law. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004); *see also* Iowa R. App. P. 6.907. However, we review sentencing orders for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

**III. Error preservation.**

Marcortt asserts his guilty plea was defective because the court did not inform him of the statutory maximum and minimum punishment for the criminal charges prior to accepting his plea. *See* Iowa R. Crim P. 2.8(2)(b). He did not file a motion in arrest of judgment challenging the plea.

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *See Meron*, 675 N.W.2d at 540 ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."); *see also* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, before we will penalize a defendant for failing to file a motion in arrest of judgment, the district court must have informed the defendant of the obligation to file the motion and the consequences of failing to file the motion. *See Meron*, 675 N.W.2d at 540; *see also* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the

right to assert them on appeal."). Substantial compliance with the rule is mandatory. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

Marcott asserts that despite his failure to move in arrest of judgment, his challenge to the plea proceeding is properly before this court. He claims the court failed to personally inform him that he could file a motion in arrest of judgment and the consequences of failing to do so. Marcott pled guilty to an aggravated misdemeanor and a serious misdemeanor,

> and in such proceedings it is "unnecessary . . . for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements." *Meron*, 675 N.W.2d at 541. Instead, a written waiver filed by the defendant can be sufficient. *Id.* A defendant's written plea or waiver can foreclose an appeal when it complies with rule 2.8(2)(d). *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (per curiam) (concluding that defendant failed to preserve error because he did not file a motion in arrest of judgment when his written plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal). Yet regardless of whether the information is imparted through a colloquy or a written plea, the defendant must be made aware of the substance of rule 2.24(3)(a).

*Fisher*, 877 N.W.2d at 680-81; *see also State v. Thacker*, 862 N.W.2d 402, 411 (Iowa 2015) ("[T]he district court, with the defendant's consent, may waive the in-court colloquy otherwise required by [rule] 2.8(2)(b).").

Paragraph eleven of Marcott's written guilty plea states:

> If I claim there are any irregularities or errors in this guilty plea, I must file a Motion in Arrest of Judgment not later than 45 days after this plea of guilty or in any case, not later than five days before the day of sentencing. Failure to do so will preclude my rights to assert any defects in this plea in any appeal to the Iowa Supreme Court.

Immediately above Marcott's signature is the statement, "I STATE TO THE COURT THAT I FULLY UNDERSTAND ALL OF MY FOREGOING RIGHTS; I

GIVE UP THOSE RIGHTS; AND I ENTER MY PLEA OF GUILTY TO THE CHARGES LISTED ABOVE." Below his signature is a "Consent to Waive Presence." The form states, "I expressly waive my rights to be present and participate in an in-court plea colloquy." There is also a waiver of the right to be present and address the court at the time of sentencing. Marcott's second signature appears immediately below these waivers.

Marcott's guilty-plea form substantially complies with the requirements of rule 2.8(2)(d). *See, e.g.*, *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (finding court's colloquy conveying same information to Straw "substantially complied with the requirements of rule 2.8(2)(d)"); *Barnes*, 652 N.W.2d at 467-68 (finding nearly identical language in Barnes's written guilty plea to an aggravated misdemeanor was "a valid written waiver" of his right to an in-court colloquy "and thus trigger[ed] the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal"). Marcott was made aware of the substance of rule 2.24(3)(a), and we reject his assertion to the contrary. The lack of a motion in arrest of judgment, coupled with Marcott's written waiver, would normally prevent him from contesting his guilty plea on appeal. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

But Marcott also asserts his failure to file a motion in arrest of judgment does not preclude him from challenging his plea on appeal because the district court violated Iowa Rule of Criminal Procedure 2.23(1). That rule requires that a court fix the date for pronouncing judgment not less than fifteen days after a guilty plea is entered. *See* Iowa R. Crim. P. 2.23(1). Marcott claims he was not given a delayed sentencing hearing. The record belies this claim, and we

therefore reject it. Marcott's guilty plea was accepted by the district court on November 25, 2015. The order accepting the plea set a sentencing hearing for March 23, 2016. Obviously, the sentencing hearing was set for more than fifteen days after the court accepted Marcott's plea. In fact, the actual sentencing hearing was not held until May 13, 2016, almost six months after the court accepted the plea.

In an effort to sidestep the error-preservation issue, Marcott also asserts his failure to file a motion in arrest of judgment was due to ineffective assistance of counsel. The failure to file a motion in arrest of judgment will not preclude a challenge to a guilty plea on appeal if the failure was the result of ineffective assistance of counsel. *See Rodriguez*, 804 N.W.2d at 848.

**IV. Ineffective Assistance of Counsel.**

We review claims of ineffective assistance of counsel de novo. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). To prevail, Marcott must show (1) counsel breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The claim fails if either element is lacking. *See Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008).

Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). If we determine the claim cannot be addressed on appeal, we must preserve it for a postconviction-relief proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Marcott claims his plea was not voluntarily and intelligently made because the court failed to inform him of the statutory penal consequences he faced prior to accepting his plea.

> Due process requires the defendant enter his guilty plea voluntarily and intelligently. If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. In order to ensure a guilty plea is voluntarily and intelligently made, the court must articulate the consequences of the plea to the defendant.

*Straw*, 709 N.W.2d at 133 (internal citations and quotation marks omitted). Specifically, Marcott contends he was not alerted to the sentencing penalties for the charge of driving while license denied or revoked. This claim implicates a failure of the district court to comply with Iowa Rule of Criminal Procedure 2.8(2). That rule provides, in relevant part:

> 2.8(2) Pleas to the indictment or information.
> . . . .
> b. Pleas of guilty. . . Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> . . . .
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R. Crim. P. 2.8(2). Substantial compliance with this rule is required. *See State v. Myers*, 653 N.W.2d 574, 577-78 (Iowa 2002).

Driving while a license is denied or revoked, in violation of section 321J.21, is a serious misdemeanor. The mandatory minimum punishment for a serious misdemeanor is a fine of at least $315. *See* Iowa Code § 903.1(1)(b). The fine may not exceed $1875. *See id.* In addition, the court may order

imprisonment not to exceed one year.  *See id.*  Section 321J.21(1) also provides:

"In addition to any other penalties, the punishment imposed for a violation of this

subsection shall include assessment of a fine of one thousand dollars."

Marcott's guilty-plea form provides in relevant part:

> 9. On a plea of guilty to:
> . . . .
> √   An aggravated misdemeanor, the Court can sentence me to prison not to exceed two years and fine me between $625.00 and $6250.00, plus surcharge and court costs.
> . . . .
> ___ A serious misdemeanor, the Court can sentence me to jail for up to one year, and fine me between $315.00 and $1875.00, plus surcharge and court costs.
> ___ Driving While Revoked, the Court can sentence me to jail for up to a year, and fine me between $1000.00 and $1875.00, plus surcharges and court costs.

The line before the penalty for the aggravated misdemeanor was checked by

Marcott, but the lines before the penalties for the serious misdemeanor and

driving while revoked were not checked.  Left unchecked, Marcott argues this

shows he did not acknowledge that he was made aware of the penalties for

driving while denied or revoked.  The State responds,

> The unchecked portion begins with "Driving While Revoked," which was the name of the charge that [Marcott] wrote down on his written guilty plea when he listed the charged crimes and when he described the factual basis for his pleas.  Any reader pleading guilty to that offense would have noticed the provision and realized that it applied.

The State argues it is not apparent that the absence of a check mark means

Marcott did not read or understand the statement.   It contends Marcott's

signature on the form should be treated as an acknowledgment of the

maximum/minimum possible penalties for driving while revoked.

While a person could interpret Marcott's guilty-plea form as having informed him of the mandatory minimum and maximum punishment for the charge of driving while denied or revoked, a reasonable person would not be compelled to do so because of the unchecked lines preceding the penalties for the offense. The form signed by Marcott does not conclusively establish he was informed of the mandatory minimum and maximum punishment he faced for the offense of driving while denied or revoked offense, to which he pled guilty. The record before us is silent as to whether or not Marcott was informed by the court or his counsel of the applicable mandatory minimum and maximum punishment he faced for the driving while denied or revoked, or what Marcott's understanding was as to the punishment he faced for the offense.

Marcott also argues he was not informed of the surcharge mandated by Iowa Code section 911.1(1).[1] He should have been informed of the surcharge. See *Fisher*, 877 N.W.2d at 686. For the reasons stated above, the guilty-plea form signed by Marcott does not conclusively establish he was informed of a surcharge. Furthermore, the guilty-plea form does not mention a mandatory thirty-five percent surcharge. The record is silent as to whether Marcott was informed of the mandatory thirty-five percent surcharge by either the court or his counsel.

---

[1] Iowa Code section 911.1(1) provides:
> A criminal penalty surcharge shall be levied against law violators as provided in this section. When a court imposes a fine . . . for a violation of state law . . . , the court or clerk of the district court shall assess an additional penalty in the form of a criminal penalty surcharge equal to thirty-five percent of the fine . . . .

Marcott also argues he was not informed of the possibility of imposition of consecutive sentences. *See State v. White*, 587 N.W.2d 240, 242-43 (Iowa 1998) ("[T]he accused must be fully aware of the direct consequences of a guilty plea. Sentences to be served consecutively are a direct consequence of a guilty plea."). The guilty-plea form is silent on the matter, and the record is silent as to whether Marcott was informed by the court or his counsel of the possibility of imposition of consecutive sentences.

Marcott's attorney did not bring these matters to the court's attention or file a motion in arrest of judgment on these grounds. In this situation, Marcott's attorney held a duty to correct these omissions of the court—if in fact there were omissions. *See Straw*, 709 N.W.2d at 134; *see also State v. Hallock,* 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (recognizing counsel's duty to correct any omission by the court during plea proceedings so that the defendant may be fully informed when entering a guilty plea).

Marcott can succeed on his ineffective-assistance claim only by establishing both that his counsel failed to perform an essential duty and that prejudice resulted. *See Anfinson*, 758 N.W.2d at 499; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that to show counsel was ineffective in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). As set forth above, there is nothing in the record before us as to whether the court or Marcott's trial counsel advised Marcott of the matters set forth above. Such evidence is significant to any prejudice analysis, regardless of our view of the potential viability of the

underlying claim.  *See Johnson*, 784 N.W.2d at 198; *Straw*, 709 N.W.2d at 138.

As in *Straw*, "This case exemplifies why claims of ineffective assistance of

counsel should normally be raised through an application for postconviction

relief.  In only rare cases will the defendant be able to muster enough evidence to

prove prejudice without a postconviction relief hearing."  709 N.W.2d at 138.

Accordingly, we affirm Marcott's convictions and preserve his claims of

ineffective assistance of counsel relating to alleged deficiencies of his written

plea for a possible postconviction-relief proceeding.

**V. Sentencing.**

Marcott also argues he was improperly sentenced because the court failed

to give sufficient reasons for his sentence on the record or in the written

sentencing order.  "Errors in sentencing, including contentions the trial court

failed to articulate adequate reasons for a particular sentence, 'may be

challenged on direct appeal even in the absence of an objection in the district

court.'"  *Thacker*, 862 N.W.2d at 405 (citation omitted).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on

the record its reason for selecting the particular sentence."  *See also Hill*, 878

N.W.2d at 273.  This procedure "ensures defendants are well aware of the

consequences of their criminal actions" and "affords our appellate courts the

opportunity to review the discretion of the sentencing court."  *Id.*  (citation

omitted).  If the court's reasons for its sentencing decision "are obvious in light of

the statement and the record before the court," a "terse and succinct statement"

may be sufficient.  *Thacker*, 862 N.W.2d at 408.  Nevertheless, if the defendant

waives the reporting of the sentencing hearing, the court must include in the

written order the reasons for the sentence. *See State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014). "[B]oilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)." *Thacker*, 862 N.W.2d at 410.

Here, we cannot conclude the district court adequately stated its reasons on the record for the sentence it imposed as required under Iowa Rule of Criminal Procedure 2.23(3)(d). *See id.* The court's sentencing order only set forth boilerplate language—"The following sentence is based on all of the available sentencing considerations set out in Iowa Code Section 907.5."—and stated "The Plea Agreement" was the most significant factor in determining the sentence. *See id.* (holding "The Plea Bargain" was not a sufficient reason for a sentence when the record did not reflect the parties' agreement). In this case, there is no record beyond the sentencing order. The plea-agreement memorandum is not part of our record, nor is there any record of any discussion of the terms of the plea agreement. Consequently, we cannot determine what "motivated the district court to enter a particular sentence." *See id.* The State agrees the case requires a remand based on the reasons identified in *Thacker*. We therefore vacate the sentence and remand the matter to the district court for further proceedings.

On remand, there is no requirement the district court arrive at a different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d), as described by the Iowa Supreme Court in *Hill*, 878 N.W.2d at 275 ("We encourage sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly

refer to any applicable statutory presumption or mandate."), *Thacker*, 862 N.W.2d at 410 ("On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record."), and *Thompson*, 856 N.W.2d at 921 ("In this age of word processing, judges can use forms . . . to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.").

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**