STATE of Iowa, Plaintiff–Appellee,

v.

Jason Levi HALLOCK, Defendant–Appellant.

No. 08–0875.

Court of Appeals of Iowa.

Jan. 22, 2009.

Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Kevin H. Clefisch, County Attorney, for appellee.

Considered by SACKETT, C.J., and EISENHAUER and DOYLE, JJ.

DOYLE, J.

Jason Hallock appeals from his conviction and sentence for the offense of assault with intent to commit sexual abuse causing bodily injury other than serious injury, in violation of Iowa Code section 709.11 (2007). He contends defense counsel was ineffective in handling his guilty plea. Upon our review, we vacate the sentence on the assault charge and remand for further proceedings.

## I. Background Facts and Proceedings.

According to the minutes of testimony and statements, in the early morning hours of August 19, 2007, Jason Hallock broke into the home of his ex-girlfriend, the mother of his children. He proceeded to her bedroom and fired a handgun at the bed. The bullet went through a pillow and lodged in the wall. Hallock told his ex-girlfriend that she was going to die that night. He tried to force the gun into her mouth and also put the gun to her head. He grabbed her chin because she wasn't looking at him. He threw a ring at her head. He forced her to have sex with him twice while he kept the gun near her head.

On August 28, 2007, Hallock was charged by trial information with burglary in the first degree (Count I), sexual abuse in the second degree (Count II), intimidation with a dangerous weapon (Count III), and possession with a firearm by a felon (Count IV). Hallock initially entered a plea of not guilty. Following a plea bargaining agreement, the State filed a motion to amend trial information, changing Count I from burglary in the first degree (a class B felony) to burglary in the second degree (a class C felony) and changing Count II from sexual abuse in the second degree (a class C felony) to assault with intent to commit sexual abuse causing injury other than serious injury (a class D felony). On November 20, 2007, Hallock appeared before the district court and entered an *Alford* plea on the assault charge and guilty pleas on the remaining three charges. *See North Carolina v. Alford*, 400 U.S. 25, 32–38, 91 S.Ct. 160, 164–68, 27 L.Ed.2d 162, 168–72 (1970) (holding that an accused may consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime). After accepting the pleas, the district court explained Hallock's right to file a motion in arrest of judgment. Hallock waived that right and consented to immediate sentencing by the court. Hallock was sentenced to ten years of imprisonment each on Counts I and III, to be served concurrently, and five years each on Counts II and IV, to be served concurrently. The sentences for Counts I and III were to be served consecutively with the sentences for Counts II and IV, resulting in one continuous term of incarceration not to exceed fifteen years. Fines were imposed but suspended, and Hallock was ordered to register as a sex offender.

After the Iowa Department of Corrections alerted the district court that the sentencing order failed to contain the mandatory ten-year period of probation required by Iowa Code section 903B.2, the court held a resentencing hearing on April 30, 2008. Hallock appeared in person. He made no request to withdraw his plea. The court amended Hallock's sentence to include that he would serve a term of ten years of probation, pursuant to section 903B.2.

Hallock appeals. He contends his counsel was ineffective in not filing a motion in arrest of judgment.

## II. Scope and Standards of Review.

Failure to file a motion in arrest of judgment generally precludes chal-

lenges to a guilty plea on appeal. Iowa Rs.Crim. P. 2.24(3)(*a*), 2.8(2)(*d*); *State v. Kress*, 636 N.W.2d 12, 19 (Iowa 2001). However, the failure to file a motion in arrest of judgment will not preclude the claim if the failure was the result of ineffective assistance of counsel. *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008); *Kress*, 636 N.W.2d at 19.

Our review of ineffective assistance of counsel claims is de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We typically preserve these claims for postconviction relief although we will resolve them on direct appeal if the record is adequate. *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). We conclude the record in this case is adequate to decide this issue.

### III. Timeliness of Appeal.

The State claims Hallock's appeal is untimely because it was filed more than thirty days after the court's initial judgment and sentence of November 21, 2007. Under Iowa Rule of Appellate Procedure 6.101, appeals in criminal actions must be taken within thirty days of the final judgment. A sentence is a final judgment in a criminal case, and, excepting statutory provisions, is the end of the case in regard to control of the sentencing court. *State v. Sullivan*, 326 N.W.2d 361, 363 (Iowa 1982). However, a sentencing court is bound to impose a sentence prescribed by statute. *State v. Ohnmacht*, 342 N.W.2d 838, 842–43 (Iowa 1983). A sentence not permitted by statute is void. *Id.* at 842; *see also* Iowa R.Crim. P. 2.24(5)(a) (stating the court may correct an illegal sentence at any time); *State v. Draper*, 457 N.W.2d 600, 606 (Iowa 1990) (noting when a sentencing court departs upward or downward from a legislatively authorized sentence, the pronounced sentence is a nullity subject to correction on appeal or later). Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation. *Ohnmacht*, 342 N.W.2d at 843. Thus, the time for appeal does not begin to run until a valid judgment is entered. *Id.* at 845.

The court's original judgment and sentence did not contain the mandatory special sentence set forth in section 903B.2, which our supreme court recently upheld against several constitutional challenges in *State v. Wade*, 757 N.W.2d 618 (Iowa 2008). Thus, a valid judgment was not entered until April 30, 2008, when the court amended its original sentence to comport with that statute. Hallock's appeal on May 13, 2008, from that order was therefore timely. *See Ohnmacht*, 342 N.W.2d at 845 (stating the defendant would have the ability to appeal his conviction upon entry of a valid judgment and sentence).

### IV. Merits.

Hallock claims his trial counsel was ineffective for failing to file a motion in arrest of judgment because his plea lacked a factual basis. For the reasons that follow, we agree.

To establish his claim of ineffective assistance of counsel, Hallock "must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty, and (2) prejudice resulted." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (quoting *State v. Tejeda*, 677 N.W.2d 744, 754 (Iowa 2004)). If he fails to prove either prong of the claim, it must fail. *State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003).

Under the first prong of this test, counsel's performance is measured "against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent

manner." *State v. Dalton,* 674 N.W.2d 111, 119 (Iowa 2004).

### A. Lack of Factual Basis.

 Hallock argues his counsel failed to perform an essential duty in not challenging the plea for lack of factual basis. Hallock entered an *Alford* plea to the charge of assault with the intent to commit sexual abuse and causing bodily injury but not serious injury. He claims that he did not provide a factual basis for his plea, and the minutes of testimony contain no mention of the victim sustaining any injury that would support a factual basis for the plea.

> The district court may not accept a guilty plea without first determining that the plea has a factual basis. This requirement exists even where the plea is an *Alford* plea. Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent.

*State v. Schminkey,* 597 N.W.2d 785, 788 (Iowa 1999) (citations omitted). Therefore, our first and only inquiry is whether the record shows a factual basis for Hallock's plea. We consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, and the minutes of testimony. *Id.*

> THE COURT: Next, turning to Count II, the amended and lesser charge of Assault with Intent to Commit Sexual Abuse, the Assault Causing Bodily Injury Other Than Serious Injury, the State would have to prove before you would be convicted that on or about the 19th of August, 2007, in Clayton County, Iowa, you did hit or strike or touch another person; you did so in such a

way that it caused that person to be injured; the injury was not a serious injury but was a bodily injury; and you did these acts with the plan or purpose of causing bodily injury.

> Do you understand those requirements?
>
> THE DEFENDANT: Yeah.
>
> . . . .
>
> THE COURT: —and you want an *Alford* plea to Count II.
>
> THE DEFENDANT: Yeah.
>
> . . . .
>
> THE COURT: Okay. Turning to Count II, the Assault with Intent to Commit Sexual Abuse Causing Bodily Injury Other Than Serious Injury, it's my understanding you wish to, instead of pleading straight up like you did plan to do to the others, that you want to make what's called an *Alford* plea.
>
> Is that right?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: An *Alford* plea is authorized by the decision of the United States Supreme Court in *North Carolina v. Alford.* In that case, the United States Supreme Court made a ruling that a trial judge, like me, could let a person accused of a crime, like you, be found guilty of a crime, even though you believe you're innocent and didn't do it.
>
> In order for me to let you do that, you must tell me that you believe you have been offered a deal by the county attorney on this charge by dropping it down to a lesser crime and, because that deal is good—is—is good for you, you don't want to run the risk of turning it down and having a trial on the greater charge and run the risk of being convicted of a worse charge and getting a worse sentence.
>
> That's what an *Alford* plea means.
>
> Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And is that what you want to do on Count II?

THE DEFENDANT: Yes.

. . . .

THE COURT: As to Count II, the lesser-and-amended charge of Assault with Intent to Commit Sexual Abuse Causing Bodily Injury Other Than Serious Injury, do you want me to accept an *Alford* plea from you to that charge?

THE DEFENDANT: Yes, Your Honor.

The minutes of testimony indicate Hallock grabbed the victim's chin when she would not look at him. He tried to put a gun in her mouth, but she wouldn't open her mouth. He took a ring and threw it at the victim's head.

In its brief, the State concedes the minutes of testimony "do not clearly establish that the victim suffered an injury." "Injury" is defined as "physical pain, illness, or impairment of physical condition." *State v. Gordon*, 560 N.W.2d 4, 6 (Iowa 1997). There is nothing in the record before us indicating that the victim had any pain, illness or impairment of physical condition resulting from the assault. Based on the minutes of testimony and the in-court colloquy, we do not believe a sufficient factual basis for the plea was established.

■■■ Where it is possible that a factual basis could be shown, it is appropriate to merely vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis. *Schminkey*, 597 N.W.2d at 792. There may be additional facts and circumstances that do not appear in the minutes of testimony that would support an inference that the victim suffered a bodily injury but not serious injury. Therefore, we vacate the sentence on the assault charge and remand for further proceedings at which time the State may supplement the record to establish a factual basis for the crime of assault with intent to commit sexual abuse causing bodily injury other than a serious injury. If a factual basis is not shown, the defendant's plea must be set aside.

### B. Knowing and Voluntary.

In vacating only the sentence, we must still address Hallock's other complaint of ineffective assistance of counsel. He contends his plea was not knowing and voluntary.

■■■ Under our rules of criminal procedure:

The court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

. . . .

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

Iowa R.Crim. P. 2.8(2)(b)(2). Hallock claims that during his plea taking hearing the court failed to inform him of the mandatory Iowa Code section 903B.2 ten-year parole provision. He asserts he was not, therefore, informed of the maximum possible punishment that might result from his plea. Hallock's allegation that the sentencing court failed to inform him fully of the consequences of his plea implicates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Saadiq v. State*, 387 N.W.2d 315, 324 (Iowa 1986). The court must ensure the defendant understands "the direct con-

sequences of the plea including the possible maximum sentence, as well as any mandatory minimum punishment." *State v. Carney*, 584 N.W.2d 907, 908 (Iowa 1998) (citation omitted). The court does not have a duty, however, to inform a defendant of all indirect and collateral consequences of a guilty plea. *Id.* A consequence is neither indirect nor collateral if the consequence "represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *State v. Warner*, 229 N.W.2d 776, 782 (Iowa 1975) *overruled on other grounds by State v. Morrison*, 323 N.W.2d 254, 256 (Iowa 1982).

The State counters that the section 903B.2 parole provision is merely a collateral consequence of Hallock's plea and the court had no obligation to inform Hallock of this special sentencing provision for Hallock's plea to be knowing and voluntary. We disagree.

To be sure, there are numerous collateral consequences of a guilty plea that need not be stated by the court or discussed by counsel. See *Mott v. State*, 407 N.W.2d 581, 583 (Iowa 1987) (deportation); *Saadiq*, 387 N.W.2d at 325 (prohibition from carrying a firearm upon conviction of a third-degree theft); *State v. Woolsey*, 240 N.W.2d 651, 653–54 (Iowa 1976) (ineligibility for deferred judgment or suspended sentence or probation due to prior convictions); *Warner*, 229 N.W.2d at 782 (penal consequences of companion charge or effect of instant charge on the strength of prosecution's proof in companion case); *State v. Christensen*, 201 N.W.2d 457, 459 (Iowa 1972) (effect of conviction upon future convictions); *see also State v. Ramirez*, 636 N.W.2d 740, 742 (Iowa 2001) (listing some collateral effects not required that defendant be informed of including: loss of civil rights (voting, traveling abroad, possessing firearms); increased

punishment if the defendant should repeat the offense (habitual offender); undesirable discharge from the armed forces; deportation or other negative impact on citizenship status; ineligibility for federal benefits; later parole date; revocation of an existing parole; adverse recommendation from the court to the parole authorities; denial of "good time" as a multiple offender; revocation of a driver's license; and an adverse effect on civil litigation).

■ Iowa Code section 903B.2 provides:

A person convicted of a misdemeanor or a class "D" felony offense under chapter 709 ... shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa Department of Corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole.

It is a sentencing provision. The subchapter is entitled "Special Sentencing." The provision itself is entitled "Special Sentence." The provision's language includes "sentenced" and "special sentence." It is the court, not the parole board or the Iowa Department of Corrections, that imposes this special sentence. See *Kress*, 636 N.W.2d at 20–21. Application of the section could subject Hallock to additional imprisonment in excess of the maximum imprisonment to which he was sentenced for the underlying crime. We conclude this special sentencing provision is a part of Hallock's sentence and is not merely collateral. He should have been informed

of the provision before the court took his plea.

Because section 903B.2 is a sentencing provision, the district court had the obligation to inform Hallock of the ten-year period of parole that would follow his imprisonment. Before accepting Hallock's plea, the court failed to inform Hallock of this special sentencing provision. This was tantamount to a failure to advise him of the maximum punishment possible. His trial counsel neither corrected the omission nor filed a motion in arrest of judgment, therefore, failing to perform an essential duty.

We next turn to the second element, resulting prejudice. Hallock must show a reasonable probability that, but for counsel's error, he would not have entered the plea and would have insisted on going to trial. *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985)). Hallock failed to prove, or to even assert, that there is a reasonable probability that, but for counsel's error, he would not have entered an *Alford* plea and would have insisted on going to trial. As a part of the plea agreement with the State, the State amended count I from burglary in the first degree (a class B felony) to burglary in the second degree (a class C felony) and amended Count II from sexual abuse in the second degree (a class B felony) to assault to commit sexual abuse causing bodily injury other than serious injury (a class D felony). By pleading to the lesser assault with intent charge, Hallock avoided imposition of the mandatory minimum seven-tenths sentence and mandatory lifetime supervision. *See* Iowa Code §§ 902.12(3); 903B.1. Under all the circumstances presented to us, we find no reasonable probability Hallock would have rejected the plea agreement and insisted on going to trial had he been informed at his plea hearing of the special sentence provision of section 903B.2. We therefore reject Hallock's argument that his plea was not knowing and voluntary.

## V. Disposition.

We vacate the sentence on the assault charge and remand for further proceedings at which time the State may supplement the record to establish a factual basis for the crime of assault with intent to commit sexual abuse causing bodily injury other than a serious injury. If a factual basis is not shown, the defendant's plea must be set aside.

**SENTENCE ON THE ASSAULT CHARGE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**