# IN THE COURT OF APPEALS OF IOWA

No. 15-1319
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL SHAWN BALL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

Michael Ball appeals his convictions and sentence after pleading guilty to indecent exposure and invasion of privacy. **JUDGMENT AND SENTENCE VACATED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

In a paper plea proceeding, Michael Ball pled guilty to indecent exposure and invasion of privacy, both serious misdemeanors. In his written guilty plea, he waived his personal presence at the plea and sentencing proceedings, and he requested immediate sentencing.[1] The court imposed suspended sentences with a twenty-four-month probationary period, and it ordered him to pay all court costs, including the costs associated with two dismissed counts. He appeals both the convictions and his sentence. We vacate the judgment and sentence imposed by the district court and remand to allow Ball to plead anew.

Ball first challenges his convictions, arguing his plea was not knowing and voluntary because he was not adequately informed he would be subject to a special sentence pursuant to Iowa Code section 903B.2. The State counters that Ball has waived any claim that the guilty-plea proceeding was deficient because he failed to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Ball argues the plea form was deficient because it does not specifically state that failing to file a motion in arrest of judgment waives the right to challenge the plea on appeal.

If the court fails to adequately inform a defendant who is pleading guilty of the consequences of failing to file a motion in arrest of judgment, the challenge is

---

[1] In the same written guilty plea, Ball pled guilty to a charge of harassment. He was sentenced separately on this charge. His application for discretionary review was denied by the Iowa Supreme Court. *See* Iowa Code § 814.6(2)(d) (2013) (providing for discretionary review of simple misdemeanors). Ball asks us to vacate his plea to the harassment charge. We have no jurisdiction to do so.

not waived. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); *State v. Fisher*, ___ N.W.2d ___, ___, 2016 WL 1391874, at *3 (Iowa 2016); *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) ("The court must ensure the defendant understands the necessity of filing a motion [in arrest of judgment] to challenge a guilty plea *and the consequences of failing to do so.*" (emphasis added)); *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). We employ a substantial-compliance standard in determining whether the trial court has complied with the requirements of rule 2.8(2)(d). *See Straw*, 709 N.W.2d at 132.

Because this was a paper plea proceeding, the court's acceptance of Ball's guilty plea involved no personal colloquy. The only information Ball received from the court regarding rule 2.8 was contained in his written plea. The written plea agreement states: "I understand that by following this procedure I am giving up my right to raise any challenge to my guilty plea through a Motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure." Ball's written plea did not inform him that the failure to file a motion in arrest of judgment would preclude his right to appeal. It does not mention the word "appeal" at all. *See State v. Love*, 670 N.W.2d 141, 150 (Iowa 2003) ("Moreover, the court's comments in no way conveyed the fact that the defendant's failure to file a motion attacking the adequacy of her plea would forfeit her right to challenge the plea on appeal."); *State v. Ralston*, No. 14-1470, 2015 WL 3624436, at *1 (Iowa Ct. App. June 10, 2015); *State v. Drew*, No. 10-

0764, 2011 WL 238443, at *2 (Iowa Ct. App. Jan. 20, 2011). Ball's written plea of guilty did not substantially comply with the requirements of rule 2.8(2)(d); therefore, Ball's failure to file a motion in arrest of judgment does not prevent him from challenging his guilty plea on appeal. *See Fisher*, 2016 WL 1391874, at *4-5.

Turning to the merits, Ball argues his guilty plea was rendered unknowing and involuntary because he was not sufficiently informed of the mandatory ten-year special sentence of supervision under Iowa Code section 903B.2. Before accepting a plea, a court must inform the defendant of the mandatory minimum and maximum punishment provided by statute. *See* Iowa R. Crim. P. 2.8(2)(b)(2). Convicted of a misdemeanor offense under chapter 709, Ball is subject to a mandatory "special sentence committing [him] into the custody of the director of the Iowa department of corrections for a period of ten years." Iowa Code § 903B.2.[2] This special sentence commences upon the completion of any sentence for the underlying criminal offense. *See id.* This special sentencing provision is a part of Ball's sentence. *See State v. Hallock*, 765 N.W.2d 598, 605 (Iowa Ct. App. 2009). Thus, the district court had an obligation to inform Ball of the ten-year period of parole. *See id.* at 606.

Paragraph five of the guilty plea and waiver of presence form, concerning the maximum sentence Ball faced, is devoid of any mention of the section 903B.2 ten-year special sentence. Paragraph thirteen of the plea, reciting the plea agreement, only references "903B requirements" and "903B" and is devoid

---

[2] Indeed, Ball's judgment and sentence provides he "shall comply with the Iowa Code section 903B requirements."

of any mention of the ten-year special sentence. Mere reference to the Code section did not in any way adequately inform Ball of the maximum punishment he faced. The plea form did not inform Ball of the ten-year special sentence. The plea form did not inform Ball as to when the special sentence would commence. The plea form did not inform Ball the special-sentencing provision, which could subject him to imprisonment in excess of the incarceration he faced for the serious misdemeanors, applied. Thus, we conclude the rule 2.8(2)(b)(2) requirement of informing a defendant of applicable minimum and maximum penalties was not substantially complied with prior to the acceptance of Ball's guilty plea. Therefore, Ball's plea was rendered unknowing and involuntary. *See State v. Hollingsworth*, No. 09-0456, 2009 WL 5126331, at *2 (Iowa Ct. App. Dec. 30, 2009); *State v. Cortez*, No. 08-0882, 2009 WL 928873, at *3 (Iowa Ct. App. Apr. 8, 2009).

We vacate Ball's indecent exposure and invasion of privacy convictions and sentence and remand the case to the district court for further proceedings to allow Ball to plead anew. *See Meron*, 675 N.W.2d at 544. Because we have vacated Ball's sentence and remanded, we need not address Ball's challenge to the legality of his sentence.

**JUDGMENT AND SENTENCE VACATED AND CASE REMANDED.**