# IN THE COURT OF APPEALS OF IOWA

No. 15-1234
Filed October 26, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALFRED KAKKI ANITOK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon (plea hearing) and Myron L. Gookin (sentencing), Judges.

Alfred Anitok appeals his conviction and sentence after pleading guilty to incest. **AFFIRMED.**

Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Alfred Anitok appeals his conviction and sentence after pleading guilty to incest. He contends his trial counsel was ineffective in failing to file a motion in arrest of judgment because he was not advised of the maximum penalty for the crime to which he pled guilty and, therefore, his guilty plea was not knowing and voluntary. Having shown no prejudice, we reject Anitok's ineffective-assistance-of-counsel argument. We therefore affirm Anitok's judgment and sentence.

Anitok was charged with three counts: (1) sexual abuse in the third degree, a class "C" felony; (2) incest, a class "D" felony; and (3) assault with intent to commit sexual abuse, an aggravated misdemeanor. The charges were based on an allegation that Anitok inappropriately touched a minor. In a negotiated plea agreement, Anitok agreed to plead guilty to the charge of incest, in violation of Iowa Code sections 762.2 and 903B.2 (2013). The terms of the plea agreement were outlined by the State at a plea hearing as follows:

> [Anitok] will plead to incest, a [class] "D" felony; five years of imposed [prison] time; court costs; fees, attorney's fees, surcharge; that he will be on [the] sex offender registry for ten years; and that he will also have to register and complete the sex offender treatment program and that the other counts under the trial information will be dismissed.

Anitok's counsel agreed these were the terms of the parties' agreement and added that a minimum fine would be assessed and that Anitok would be responsible for victim restitution. In outlining the maximum and minimum penalties, the court informed Anitok of the applicable maximum and minimum fine, and it advised Anitok that he faced a maximum of five years in prison and that there was a surcharge, court costs, possible court-appointed attorney fees,

and victim restitution. The court also informed Anitok: "You would have to be on the sex offender registry for ten years. There would be a special sentence, as if on parole, after the conclusion of your prison sentence. You would have to complete the sex offender treatment program."

The court accepted Anitok's plea. A sentencing hearing was held five months later, and Anitok was sentenced to five years in prison and assessed a fine, surcharge, crime-victim-assistance reimbursement, court-appointed attorney fees, and a civil penalty. He was ordered to register with the sex offender registry. The court also imposed a ten-year special sentence of supervision under Iowa Code section 903B.2. This section provides that a person convicted of a class "D" felony offense under chapter 709 or section 726.2

> shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years . . . commenc[ing] upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release.

Iowa Code § 903B.2.

Anitok contends his trial counsel was ineffective in failing to file a motion in arrest of judgment because he was not advised of the maximum penalty for the crime to which he pled guilty and, therefore, his guilty plea was not knowing and voluntary. We review ineffective-assistance-of-counsel claims de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed in making such a claim, a defendant must prove by a preponderance of the evidence that trial counsel failed to perform an essential duty and this failure resulted in prejudice.

4

*See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Counsel breaches an essential duty by failing to file a motion in arrest of judgment to challenge a plea that is not knowingly and voluntarily made. *See id.* To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have [pled] guilty and would have insisted on going to trial." *Id.* at 136 (citation omitted). Reversal is only warranted if both breach and prejudice are shown. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

Turning to the merits, Anitok argues his guilty plea was rendered unknowing and involuntary because he was not sufficiently informed of the mandatory ten-year special sentence of supervision under Iowa Code section 903B.2. Specifically, he complains the court did not say anything regarding the length of the special sentence. Before accepting a plea, a court must inform the defendant of the mandatory minimum and maximum punishment provided by statute. *See* Iowa R. Crim. P. 2.8(2)(b)(2). Convicted of a class "D" felony offense under section 762.2, Anitok is subject to the mandatory ten-year special sentence. *See* Iowa Code § 903B.2. This special sentencing provision is a part of Anitok's sentence. *See State v. Hallock*, 765 N.W.2d 598, 605 (Iowa Ct. App. 2009). Thus, the district court had an obligation to inform Anitok of the ten-year period of parole at the plea hearing. *See id.* at 606. This it did not do. Anitok's counsel neither corrected the omission nor filed a motion in arrest of judgment.

Assuming, but without deciding,[1] counsel failed to perform an essential duty, we turn to the prejudice prong of the ineffective-assistance-of-counsel analysis.

Anitok must show a reasonable probability that, but for counsel's error, he would not have entered the plea and instead would have insisted on going to trial. *See id.* Anitok asserts he would not have pled guilty had he been informed of the ten-year period of the special sentence, characterizing the ten-year period as "a significant part of the penalty associated with the plea." Further, he contends the "he-said-she-said" case against him "was far from a slam dunk case."

As a part of the plea agreement, the State agreed to dismiss the charge of sexual abuse in the third degree, a class "C" felony, which carries a maximum of ten years in prison and a lifetime special sentence under section 903B.1. *See* Iowa Code §§ 709.1, 709.4(2)(c)(4), 902.9(4), 903B.1. The State also agreed to dismiss the charge of assault with intent to commit sexual abuse, an aggravated misdemeanor, which carries a maximum of two years in prison and a ten-year special sentence. *See id.* §§ 709.11, 903.1(2), 903B.2. By pleading to the one charge, incest, Anitok avoided imposition of a sentence of up to twenty-two years in prison and mandatory lifetime supervision. Instead, he received a maximum of five years in prison and ten years of supervision. Under all the circumstances presented to us, we find no reasonable probability Anitok would have rejected the plea agreement and insisted on going to trial had he been informed by the court

---

[1] In clarifying the terms of the plea agreement at the sentencing hearing, the court stated its understanding was that Anitok would also be subject to the special sentence for ten years. The State responded: "Yes, that would be correct." Anitok's counsel responded the special sentence "[was] in contemplation of the parties at the time of the agreement." Here, there was no written plea agreement.

at his plea hearing of the ten-year period concerning the section 90B.2 special sentence. *See Hallock*, 765 N.W.2d at 606. Having shown no prejudice, we reject Anitok's ineffective-assistance-of-counsel claim. We therefore affirm Anitok's judgment and sentence.

**AFFIRMED.**