**IN THE COURT OF APPEALS OF IOWA**

No. 17-0172
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEREMY JERMAINE JOHNSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

Jeremy Johnson challenges his guilty pleas. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DANILSON, Chief Judge.**

Jeremy Johnson, in two cases, entered a written plea of guilt of aggravated misdemeanor assault with intent to commit sexual abuse, in violation of Iowa Code sections 709.1 and 709.11(3) (2015).

This court reviews guilty pleas for correction of errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).[1]

On appeal, Johnson contends he was not adequately advised prior to entering his pleas, rendering them unknowing and involuntary. Johnson asserts that while the "written pleas do state Johnson is agreeing to a 10-year special parole," this is not adequate as the written pleas do not "articulate the minimum and maximum punishment" and do not "explain when the special parole goes into effect, and what the punishment is for violations."

Johnson's signed guilty pleas set out the plea agreement. In the case where he pled guilty to assaulting A.M. in a Hy-Vee parking lot (FECR115231), he summarized the agreement as: "Plead to lesser offense, open sentencing, order PSI, release pending sentencing, SOR, 10 yr special parole. . . . [A]lso-

---

[1] Johnson contends the plea form did not include any advisement that failure to file a motion in arrest of judgment would waive his right to appeal. *See State v. Love*, 670 N.W.2d 141, 150 (Iowa 2003) ("Moreover, the court's comments in no way conveyed the fact that the defendant's failure to file a motion attacking the adequacy of her plea would forfeit her right to challenge the plea on appeal.").

The State argues Johnson has waived his right to directly appeal because attached to the written plea was a document of waiver, which states in part: "I give up my right to . . . challenge or appeal any irregularities or errors in the taking of my guilty plea that must be raised by the filing of a motion in arrest of judgment." But the State also acknowledges this court has previously determined such attached documentation does not substantially comply with rule 2.8 in a paper plea proceeding. *See State v. Ralston*, No. 14-1470, 2015 WL 3624436, at *1 (Iowa Ct. App. June 10, 2015). Although *Ralston* is not binding authority, we find its reasoning persuasive. Because Johnson's written plea of guilty did not substantially comply with the requirements of rule 2.8(2)(d), we conclude Johnson's failure to file a motion in arrest of judgment does not prevent him from challenging his guilty plea on appeal. *Fisher*, 877 N.W.2d at 682.

release in SRCR119858." Johnson stated, "I understand that if I plead guilty to this offense, the court has the power to impose a maximum sentence of 2 yrs prison $6250 + 35% and that in any event the court is required to impose a minimum sentence of $625 + 35%, SOR, Special Parole."

Johnson's plea in the case where he pled guilty to assaulting L.O. (AGCR115230) reads in part: "Set sentencing, order PSI, open sentencing, SOR for life, Special parole for 10 yrs—Release in SRCR119858," and provides the same language for the maximum and minimum possible punishments as the other case: "2 yrs prison $6250 + 35% . . . $625 + 35%, SOR, Special Parole."

We find this record is contrary to Johnson's argument that he was not made aware of the ten-year duration of the special parole. This case is distinguishable from *State v. Hollingsworth*, 09-0456, 2009 WL 5126331 (Iowa Ct. App. Dec. 30, 2009), on which Johnson relies. In *Hollingsworth*, the district court "did not advise Hollingsworth of this special sentence at the time he pleaded guilty." 2009 WL 5126331, at *2. Moreover, defense counsel's certification that Hollingsworth fully understood the maximum penalty (without mention of the special parole requirement) was not sufficient to constitute substantial compliance with Iowa Rule of Criminal Procedure 2.8(2)(d). *Id.* We concluded that because Hollingsworth was not advised of the special sentencing, his plea was not voluntary and intelligent. *Id.*

In *State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009), we concluded:

> Because section 903B.2 is a sentencing provision, the district court had the obligation to inform Hallock of the ten-year period of parole that would follow his imprisonment. Before

accepting Hallock's plea, the court failed to inform Hallock of this special sentencing provision. This was tantamount to a failure to advise him of the maximum punishment possible.

But here, the record shows Johnson was aware of the special parole and the duration. Johnson was advised of the maximum punishment possible. We agree with the State that the advisories Johnson seeks "reach a level of detail at odds with the requirement that a plea need establish the basic contours of maximum and minimum punishment." *See* Iowa R. Crim. P. 2.8(2)(b)(2) ("Before accepting a plea of guilty, the court must . . . determine that the defendant understands . . . [t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.").[2] Although we agree with Johnson that literal compliance with rule 2.8(2)(d) would be preferred, the standard is substantial compliance and we believe that standard has been met here. *See Fisher*, 877 N.W.2d at 682.

We affirm the convictions.

**AFFIRMED.**

---

[2] Johnson does not assert counsel was ineffective in advising him, and this record is void of any such advice. Claims of ineffective assistance of counsel, if any, may be brought in postconviction relief proceedings. *See* Iowa Code ch. 822.