# IN THE COURT OF APPEALS OF IOWA

No. 23-0507
Filed June 5, 2024

**ELIAS WALTER WANATEE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for

appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

Elias Wanatee appeals the denial of postconviction relief. He challenges the district court's summary disposition of his claim regarding trial counsel's advice on whether he should testify at trial. We affirm, finding Wanatee failed to generate a triable issue because he offered no evidence he would have testified with different advice.

## I.      Background Facts and Proceedings

On direct appeal, we affirmed Wanatee's conviction for second-degree murder. *See State v. Wanatee*, No. 17–0680, 2018 WL 4922976, at *1–2 (Iowa Ct. App. Oct. 10, 2018). To make a long story short, Wanatee stabbed Vernon Mace multiple times, and Mace died from his wounds. *Id.* at *1–2. There was history between the two, and there was evidence Mace pulled a gun on Wanatee about a month before the stabbing. *Id.* at *2. Police repeatedly asked Wanatee if this "could have been a self-defense deal," but Wanatee denied even talking to Mace the night of the murder. The first trial ended in a hung jury; at the second trial, the jury found Wanatee guilty of second-degree murder. *Id.*

Wanatee filed notice of self-defense but chose not to testify at either trial. During each trial, Wanatee, his trial counsel, and the court made a lengthy record about the strategic reasons Wanatee was waiving his right to testify—consistent with his attorney's advice.

In his postconviction relief application, Wanatee claimed trial counsel was ineffective for advising him not to testify. But Wanatee was never deposed and did not submit sworn testimony by affidavit. And one of his trial attorneys testified

in deposition[1] that he stood by his advice to Wanatee. Trial counsel believed Wanatee would have fared poorly on the stand because he would have undermined his self-defense claim and potentially opened the door to his previous conviction for second-degree murder by stabbing—an offense that, as trial counsel put it, involved another "homicide by knife."

The State moved for summary disposition, which the postconviction court granted. The court found Wanatee failed to generate a triable issue because he "present[ed] no affidavit or testimony that he would have elected to testify at trial had it not been for the advice of counsel to do otherwise." In other words, the court granted summary disposition because "there is no evidence that supports [Wanatee's] argument." Wanatee appeals.

## II. Standard of Review

We review a grant of summary disposition in postconviction litigation for correction of errors at law. *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). But we review underlying ineffective-assistance claims de novo. *Id.*; *see also Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A

---

[1] Trial counsel's deposition was filed as a four-panes-per-page condensed transcript. We recognize there were potential cost-savings with condensed transcripts in the paper era, but there is no cost to e-filing full-page transcripts. Our rules prohibit condensed transcripts. *See* Iowa R. App. P. 6.803(2)(f) (renumbered to 6.803(2)(e) as of April 1, 2024). We note this not to nitpick; condensed transcripts make our review more difficult and can hinder our mandate to dispose of a high volume of cases justly. *See* Iowa Ct. R. 21.11.

postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Id.* at 687–88, 694.

Like summary judgment, summary disposition "is the put up or shut up moment in a [postconviction action], when [an applicant] must show what evidence it has that would convince a trier of fact to accept its version of the events." *See Armstrong v. State*, No. 21-1132, 2022 WL 2824750, at *4 (Iowa Ct. App. July 20, 2022) (quoting *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019)).

### III.    Discussion

Wanatee challenges the postconviction court's conclusion he put forward no evidence he would have testified with different advice. As the court put it, when an applicant alleges ineffective assistance based on advice concerning whether to testify, the applicant "must at a minimum commit to an assertion under oath that he would have acted differently had his trial attorney's advice been different." This conclusion aligns with our published case law on advice during another phase of criminal proceedings—guilty pleas—in which we have recognized an applicant–defendant must, at minimum, claim he would have chosen another path if advised differently. *See State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009); *accord Sothman*, 967 N.W.2d at 526 (analyzing prejudice in light of no testimony applicant would have insisted on trial); *see also Rankins v. State*, No. 12-0056, 2014 WL 1494898, at *2–3 (Iowa Ct. App. Apr. 16, 2014) (holding there was no *Strickland* prejudice when the applicant did not offer proof he "would have decided

to testify" with different advice). Like the postconviction court, we reject Wanatee's request to read between the lines of his written pleadings and counsel's deposition to find implied evidence he would have testified. Faced with no sworn testimony by the applicant or any other evidence establishing he would have testified if given different advice, we conclude Wanatee failed to generate a disputed material fact that would have required the postconviction matter proceed to trial.

Because Wanatee did not generate a triable issue, we affirm the dismissal of his postconviction relief application.

**AFFIRMED.**