# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1614
Filed January 28, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Randy Lee Merten II,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Allamakee County,
The Honorable Laura J. Parrish, Judge.

---

**APPEAL DISMISSED**

---

Jessica Maffitt of Benzoni & Maffitt Law Office, P.L.C., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Badding, P.J., Sandy, J., and Vogel, S.J.
Opinion by Vogel, S.J.  Special concurrence by Badding, P.J.

**VOGEL, Senior Judge.**

Randy Lee Merten II pleaded guilty to lascivious acts with a child. A few days later, he sought to withdraw that plea, arguing he was pressured by counsel and suffered from health conditions that impaired his ability to understand his plea. The district court denied his motion in arrest of judgment, and he now appeals. However, discretionary review is the appropriate vehicle, not a direct appeal. With no grounds upon which to exercise discretionary review, we dismiss this appeal.

## I.    Factual Background and Proceedings.

In June 2023, a young girl reported she was sexually abused by a family member, Merten. After investigation, Merten was charged with second-degree sexual abuse, a class "B" felony, and lascivious acts with a child, a class "C" felony. *See* Iowa Code §§ 709.3(1)(b), 709.8(1)(a) (2023). Merten's counsel negotiated a plea agreement wherein Merten agreed to plead guilty to lascivious acts and the State would dismiss the sexual-abuse charge. The deal was reached shortly before a routine pretrial conference, which the court converted to a plea hearing in light of the agreement.

A few minutes after the hearing began, Merten's counsel requested a recess, stating he "just noticed something that [he] didn't see before"—the victim's age precluded a deferred judgment—and wanted to speak with his client. Five minutes later, they returned and counsel informed the court Merten was "going forward with the plea." The district court then engaged in a lengthy plea colloquy with Merten, where he confirmed that neither his health conditions nor his medications impacted his ability to understand the guilty plea. He also confirmed he did not need any more time with counsel before entering his plea and that he was satisfied with counsel's representation. He further acknowledged the plea agreement did not cover sentencing and his particular sentence "would be up to [the] sentencing judge

on whatever day [he was] sentenced." To that end, Merten also stated he understood the range of punishments for the offense, including the fact that he could not receive a deferred judgment. Finally, he confirmed he was "pleading guilty voluntarily and of [his] own free will." Following that colloquy, the court accepted his plea and set the matter for sentencing.

About a week later, Merten filed a pro se request to "appeal" his "plea deal." The court did not act on the filing, *see generally* Iowa Code § 814.6A, but allowed Merten—represented by new counsel—to file a motion in arrest of judgment. In that motion, Merten argued his plea was not knowingly or voluntarily entered into because: (1) his former counsel pressured him to accept the plea; (2) his former counsel promised a deferred judgment before the plea hearing; and (3) his mental-health conditions impacted his ability to make an informed plea decision, as he was unable to understand the "last-minute information" he received during the hearing.

The court held a hearing on the motion, where both Merten and his former counsel testified. According to Merten, counsel "guarantee[d]" a deferred judgment leading up to the plea hearing. He also alleged that during the hearing's brief recess, after learning a deferred judgment was not an option, counsel told him to "be a man" and take the plea. As for his health, Merten stated he has diagnoses for bipolar disorder, agoraphobia, attention deficit hyperactivity disorder, posttraumatic stress disorder, obsessive compulsive disorder, and insomnia. Beyond those diagnoses, he also had learning disabilities as a child. Based on those conditions, Merten believed he lacked the capacity to understand the consequences of his plea.

For his part, Merten's former counsel testified that he never pressured Merten to plead guilty, spent over eighty hours on the case before the plea, and was already preparing pretrial filings in anticipation of going to trial. He

acknowledged discussing "being a man" with Merten, but in the context of protecting his family, not taking the plea. He also stressed that Merten was facing up to thirty-five years in prison, and by pleading guilty to lascivious acts, he avoided a lengthy mandatory minimum sentence. Finally, counsel stated that he offered to go to trial once the deferred judgment was taken off the table, and that both Merten and his wife agreed during the recess that they wanted to move forward with the plea.

The district court denied the motion in arrest of judgment. In a detailed ruling, the court found "there is no indication that counsel's advice or statements rose to the level of coercion that rendered Merten's plea involuntary." As for his health conditions, Merten "gave no indication" during the plea hearing that they could interfere with his understanding of the proceedings. Thus, legal judgment was validly pronounced and Merten's case proceeded to sentencing, where he was sentenced to an indeterminate prison term not to exceed ten years. Merten now appeals the court's denial of his motion in arrest of judgment.

## II.    Discretionary Review.

As a threshold matter, the State contests jurisdiction. Discretionary review, not direct appeal, is the appropriate appellate vehicle for denials of motions in arrest of judgment. *See* Iowa Code § 814.6(2)(f); Iowa R. App. P. 6.106. Merten did not apply for discretionary review, but rather filed a notice of appeal. Still, we are authorized to reshape a case to its correct appellate form, no matter how it was initiated. *See* Iowa R. App. P. 6.151. Thus, we must consider whether to invoke our extraordinary jurisdiction and grant discretionary review.

Here, we are authorized, but not required, to grant discretionary review if we determine "substantial justice has not been accorded the applicant." Iowa R. App. P. 6.106(2). The State urges us to deny discretionary review because Merten fails to allege that he would not have pleaded guilty but for his claimed errors, precluding relief. *See* Iowa Code § 814.29 ("If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred."). We agree.

On appeal, Merten never argues that he would not have pleaded guilty but for counsel's alleged pressure, his surprise at the lack of a deferred judgment, or his health conditions. He comes closest to making this point below during his arrest-of-judgment hearing testimony, where he stated that "up until" the day of the plea hearing, he "was hoping to do the trial." Yet that is where his testimony ends—he never stated that his desire to plea exclusively hinged on a deferred judgment or that he wished to proceed with trial even after learning of the plea agreement on the day of the hearing. Moreover, Merten's plea was highly favorable—it eliminated a mandatory minimum and reduced his maximum prison time by twenty-five years. *Cf. State v. Hallock*, 765 N.W.2d 598, 606 (Iowa Ct. App. 2009) (finding no reasonable probability defendant would have forgone a beneficial plea deal but for counsel's alleged errors). Finally, to resolve any doubt, Merten expressly confirmed during his lengthy plea colloquy that he was satisfied with his counsel, he understood the minimum and maximum sentence options, and wished to plead guilty instead of going to trial.

Under these facts,[1] Merten has fallen short of alleging, and thus cannot demonstrate, he would not have pleaded guilty but for his claimed deficiencies. Section 814.29 thus forecloses our ability to grant him any relief. *See State v. Hightower*, 8 N.W.3d 527, 538–39, 542 (Iowa 2024). With no path to a remedy here, we find Merten's claims are unfit for discretionary review and dismiss his appeal.[2]

**APPEAL DISMISSED.**

Sandy, J., concurs; Badding, P.J., specially concurs.

---

[1] Consistent with the wide discretion afforded to us under rule 6.106, other panels of our court have elected to grant review of similar legal claims arising out of different facts. *See, e.g.*, *See State v. Mitchell*, No. 23-0987, 2024 WL 3050726, at *2 (Iowa Ct. App. June 19, 2024) (granting discretionary review of claim that defendant's family pressured him into pleading guilty and collecting similar cases), *but see id.*, at *4–5 (Buller, J., dissenting) (cautioning against categorically granting discretionary review of classes of claims, as such practice would lead to needless review of futile appeals). To the extent we must attempt to distinguish this case at all—an exercise of which we are skeptical— Merten's allegations do not resemble the "substantial allegation[s]" of involuntariness that led to prior grants of discretionary review, *see, e.g.*, *State v. Scott*, No. 20-1453, 2022 WL 610570, at *5 (Iowa Ct. App. Mar. 2, 2022), and instead align closer with cases that are better left to postconviction relief, *see State v. Walker*, No. 23-0021, 2023 WL 8801627, at *2 (Iowa Ct. App. Dec. 20, 2023) (declining discretionary review "when postconviction relief appears to be the proper avenue" for defendant's claims). Indeed, when the four corners of Merten's appellant brief foreclose relief and instead largely allege ineffective assistance of counsel, we see limited utility in extending the extraordinary grant of discretionary review.

[2] Merten also argues that the plea proceedings did not comply with rule 2.8(2)(b)(3), which requires defendants be informed of various possible consequences of their conviction, including limitations on firearms possession. However, Merten never made this argument below, nor did the district court rule on it, so it is not preserved for our review. *See State v. Gomez Medina*, 7 N.W.3d 350, 355 (Iowa 2024).

**BADDING, Presiding Judge** (specially concurring).

I agree that discretionary review should be denied because Merten failed to allege that he would not have pleaded guilty but for his claimed errors, as required by Iowa Code section 814.29. But I write separately to highlight two issues with footnote one of the opinion.

First, I see no need to try to distinguish our decision in *State v. Mitchell*, No. 23-0987, 2024 WL 3050726 (Iowa Ct. App. June 19, 2024). Unlike here, the State in *Mitchell* did not raise Iowa Code section 814.29 as a barrier to granting discretionary review. As a result, the opinion in *Mitchell* did not mention the statute either. In this case, the State correctly points out that Merten has failed to allege the prejudice required by section 814.29, and that is the basis for our decision to dismiss his appeal.

Second, having authored the majority opinion in *Mitchell*, I now question its analytical framework. The defendant in *Mitchell* raised two issues. The first challenged the district court's denial of his motion in arrest of judgment and the second challenged its decision to impose consecutive sentences. *Mitchell*, 2024 WL 3050726, at *2–3. The defendant filed a motion to treat his notice of appeal as an application for discretionary review on the first issue. *Id.* at *2. And we agreed that discretionary review was "required for us to consider the merits of the court's denial of Mitchell's motion in arrest of judgment" under Iowa Code section 814.6(2)(f)—even though we had jurisdiction over the defendant's sentencing challenge under the good-cause exception in section 814.6(1)(a)(3). This seems at odds with our supreme court's statement that "[a]n appellate court either has jurisdiction over a criminal appeal or it does not." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2024); *see also State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023) ("Once good cause is established . . . as to one issue, we have

7

*jurisdiction* over the entire appeal. . . .”); *State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024) (stating that “we have jurisdiction to decide all substantive issues raised by [the] appeal” where the defendant challenged her guilty plea and sentence).

I recognize that *Wilbourn*, *Rutherford*, and *Hightower* do not involve the same scenario presented in *Mitchell*: a challenge to the denial of a motion in arrest of judgment coupled with a challenge to a sentence that was neither mandatory nor agreed upon.[3] But the same reasoning would seem to apply:

> [I]f a defendant who pleaded guilty to a non-class “A” felony can establish good cause, the statutory prerequisites for appellate jurisdiction are met, the ban on the right to appeal from a guilty plea does not apply, and the defendant is entitled to appeal the entire case—the “final judgment” of sentence from the guilty plea conviction as identified in section 814.6(1)(a). To that end, section 814.6(1)(a)(3) creates a class of cases over which we have appellate jurisdiction: guilty plea convictions where the defendant establishes good cause to appeal.

*Rutherford*, 997 N.W.2d at 145 (“Once a case is within a court’s adjudicatory power, other rules or statutes may limit the court’s authority to act, but that does not make those provisions jurisdictional.”); *cf. State v. Berwanger*, No. 23-1949, 2025 WL 403958, at *1 n.1 (Iowa Ct. App. Feb. 5, 2025) (denying discretionary review of a simple misdemeanor conviction but reviewing the non-simple misdemeanor convictions); *State v. Wassom*, No. 23-1891, 2024 WL 4615751, at *2 (Iowa Ct. App. Oct. 30, 2024) (same).

---

[3] *Hightower* comes the closest with a challenge to defects in a guilty plea where the motion-in-arrest-of-judgment advisory was inadequate and the defendant also raised a sentencing error. 8 N.W.3d at 535–36 (holding that “[b]ecause the advisory was not sufficient, it did not preclude appellate review of Hightower’s challenges to her plea” but finding that section 814.29 prevented the court from vacating her plea).

All this is an aside, however, since this case is only concerned with the denial of a motion in arrest of judgment and thus solely within the discretionary review provisions of section 814.6(2). But I take this opportunity to express my new doubts about the jurisdictional analysis in *Mitchell*. It illustrates a path we should not follow again without careful consideration of our supreme court's refrain that appellate jurisdiction extends to "cases, not issues." *State v. Lindaman*, ___ N.W.3d ___, ___, 2025 WL 3718817, at *11 (Iowa 2025).